IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 CR 58-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MITCHELL KIRMAN. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#53) filed by the United States Probation Office on October 1, 2014 alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Albert Messer, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence. Testimony was then presented by the Government through Robert T. Ferguson,

1

United States Probation Officer.

The Defendant was charged in a bill of indictment (#1) filed on August 5, 2014 with one count of conspiracy to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(b)(1)B and 841(b)(1)C, all in violation of 21 U.S.C. § 846. Defendant was charged in counts seven and eight with aiding and abetting others and knowingly and intentionally possessing with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). A hearing was held in regard to the detention of Defendant on September 15, 2014 and on that date the undersigned entered an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(o) Defendant refrain from any use of alcohol.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

The evidence presented shows that on September 24, 2014, Officers Raines, Flanagan and Camden of the West Virginia University Police Department were dispatched to West Virginia University dormitory Braxton Tower in reference to

the odor of a controlled substance being emitted from one of the rooms in the dormitory. Upon arriving, the officers made contact with Defendant who was standing in front of room 3521, which was the room of the defendant. The defendant did not have a roommate. The officers could detect the odor of marijuana in the area around the dormitory room. The officers asked to speak to Defendant inside of the room and the Defendant consented. In the room, the officers found a black bottle which contained eight clear bags each containing marijuana which weighed a total weight of 11.8 grams. The officers further found the pharmaceutical Suboxone in Defendant's wallet. The Defendant did not have a prescription for Suboxone. The officers further found four empty cans and one full can of an alcoholic beverage named "Four Loko" in Defendant's dresser. The officers detected a strong odor of alcohol coming from the breath of Defendant and at that time the officers required that Defendant perform a preliminary breath test which indicated that Defendant had a blood alcohol of .186. Criminal charges were issued against Defendant charging him with possession of a controlled substance, that being marijuana, underage consumption of alcohol, and a further charge of the possession of a controlled substance without a valid prescription.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial

3

officer -----

>   (1)   finds that there is----
>       (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>       (B) clear and convincing evidence that the person has violated any other condition of release; and
>   (2)   finds that ---
>       (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>       (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed state crimes while on release. The officers found that Defendant was in possession of marijuana and possession of Suboxone, a controlled substance for which the Defendant did not have a valid prescription. Defendant was also consuming an alcoholic beverage. These acts were in violation of West Virginia Code 60A-4-401(c), and West Virginia Code 11-16-19(a)(1) which are considered to be misdemeanors under West Virginia law.

There has further been shown by clear and convincing evidence that Defendant violated the conditions of release that ordered that he refrain from any

use of alcohol and he refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.  Defendant did not have a prescription for either marijuana or Suboxone.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g) it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.  Due to the actions of Defendant, it is the opinion of the undersigned that it is unlikely Defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: October 21, 2014

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge